THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD BOND, *et al.*,

        Plaintiffs,

    v.

GLOBAL INFLIGHT PRODUCTS, INC.,

        Defendant.

CASE NO. C17-0860-JCC

ORDER

This matter comes before the Court on Defendant's motion to compel (Dkt. No. 22). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS in part and DENIES in part the motion for the reasons explained herein.

**I.    BACKGROUND**

Richard Bond and Marie Schmid bring an employment discrimination and retaliation lawsuit alleging a manager employed by Defendant made offensive racial and sexual comments to Plaintiffs, and that Defendant terminated Plaintiffs when they complained about the comments. (Dkt. No. 1 at 2–5.) Among other damages, Plaintiffs allege lost wages, lost benefits, unfavorable changes to their credit scores, increased loan interest, late payment fees, and increased commute costs. (Dkt. No. 23-1 at 6–7.)

During discovery, Defendant sought Plaintiffs' financial records, asserting that the

information was needed to prepare a defense to Plaintiffs' damages claims. (Dkt. No. 22 at 2–3.) Specifically, Defendant directed the following request for production to Plaintiffs:

> REQUEST FOR PRODUCTION NO. 10: Produce the monthly, quarterly, and annual statement for any account held by you, including without limitation bank accounts, investment accounts, brokerage accounts, or the like, for the period between January 1, 2012 and the present.

(Dkt. Nos. 23-2 at 11, 23-3 at 14.) Plaintiffs objected to Defendant's request on the basis that it was "overbroad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence." (Dkt. Nos. 23-2 at 11, 23-3 at 15.) The parties were unable to reach an agreement on the issue through a meet and confer. Defendant then moved for an order from the Court compelling production. (Dkt. No. 22.)

## II. DISCUSSION

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. However, if the parties are unable to resolve their discovery dispute, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to issue such an order. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). For the Court to issue an order to compel, the movant must demonstrate that "the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017). The Court finds that Defendant has met this burden, in part, as described below.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). Here, Plaintiffs' banking, investment, and brokerage statements are clearly relevant to Defendant's need to prepare a defense for the harms Plaintiffs assert—lost wages and retirement

contributions, late payment fees, increased interest, and increased commuting costs. (*See* Dkt. No. 23-1 at 6–7.)

Proportionality is a matter of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Surfvivor Media, Inc.*, 406 F.3d at 635. Plaintiffs assert that the tax returns they have agreed to produce provide Defendant sufficient access to relevant information. (Dkt. No. 26 at 2–3.) On this basis, Plaintiffs allege that Defendant's request is not proportional. (*Id*.) The Court disagrees. While tax returns provide Defendant some information relevant to Plaintiffs' asserted damages, they do not provide complete information. They would not, for example, provide Defendant any insight into what Plaintiffs' increased commuting costs or what the impact of Plaintiffs' lost income was on their credit scores. Nor does the Court find Plaintiffs' privacy argument compelling, in light of the protective order entered in this case. (*See* Dkt. Nos. 21). On this basis, the Court finds that additional disclosure by Plaintiffs is appropriate, and orders Plaintiffs to do so, as described below.

However, the Court also finds Defendant's request for production unnecessarily broad. *See Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in "fishing expedition[s]."). Plaintiffs allege they were terminated in January 2016, Plaintiff Schmid was re-employed in September 2016, and Plaintiff Bond was re-employed in January 2017. (Dkt. No. 26 at 2.) Yet Defendant's Request for Production No. 10 seeks financial information from January 2012 onward. (Dkt. No. 23-2 at 11.) Accordingly, the Court limits its order directing Plaintiffs to produce the information Defendant seeks to a period beginning one year prior to Plaintiffs' termination and ending six months after each Plaintiff's re-employment.

Finally, Defendant seeks attorney fees in moving to compel. (Dkt. Nos. 22 at 9, 30 at 5.)

Ordinarily, the Court must award attorney fees to the successful moving party on a motion to compel. Fed. R. Civ. P. 37(a)(5)(A). But it need not do so if nondisclosure was substantially justified. *Id*. "Substantial justification" exists if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Given the sensitive nature of the information Defendant seeks, the Court finds that nondisclosure was substantially justified and declines to award Defendant attorney fees. *See Paananen v. Cellco Partn.*, C08-1042-RSM, slip op. at 4 (W.D. Wash. July 15, 2009).

### III.     CONCLUSION

For the foregoing reasons, Defendant's motion to compel (Dkt. No. 22) is GRANTED in part and DENIED in part. Plaintiff Schmid is ORDERED to produce the documents sought in Defendant's Request for Production No. 10, but only for the period from January 1, 2015 through March 31, 2017. Plaintiff Bond is ORDERED to produce the documents sought in Defendant's Request for Production No. 10, but only for the period January 1, 2015 through July 31, 2017. Defendant's request for attorney fees in bringing this motion is DENIED.

DATED this 14th day of February 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE